NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN THOMAS EFTENOFF, | No.   16-15781 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-01023-NVW |
| v. | |
| CHARLES L. RYAN and ATTORNEY GENERAL OF THE STATE OF ARIZONA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted August 16, 2017
San Francisco, California

Before:  O'SCANNLAIN and RAWLINSON, Circuit Judges, and WATTERS,**
District Judge.

Brian Eftenoff appeals the district court's denial of his habeas corpus

petition challenging his conviction for second degree murder.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Susan P. Watters, United States District Judge for the District of Montana, sitting by designation.

Eftenoff argues he received ineffective assistance of trial counsel when his trial counsel did not request a *Frye*[1] hearing to exclude Dr. Baselt's toxicology opinion. Trial counsel's performance was not deficient because he made a reasonable strategic decision not to request a *Frye* hearing after consultation with his own toxicologist, Dr. Karch. *Strickland v. Washington*, 466 U.S. 668, 687-689 (1984).

Eftenoff next argues the procedural default of his claim of ineffective assistance of trial counsel for failure to consult an independent pathologist should be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012). However, we are not convinced this ineffective assistance of trial counsel claim is "substantial." *Martinez*, 566 U.S. at 14. Trial counsel's performance was not deficient because he made a reasonable strategic decision to rely on the state's medical examiner, Dr. Mosley. *Strickland*, 466 U.S. at 687-689. Furthermore, trial counsel's performance did not prejudice the defense because the postconviction testimony of Dr. Dressler, a pathologist, does not create a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

**AFFIRMED.**

---

[1] *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923).